**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DENISE MARIE TROMLER, ) | CASE NO. 1:24-cv-492 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Denise Marie Tromler (Plaintiff) filed her Complaint (R. 1) on March 15, 2024, challenging the final decision of the Commissioner of Social Security denying her application for a Period of Disability (POD) and Disability Insurance Benefits (DIB). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge. Magistrate Judge Reuben J. Sheperd issued his Report and Recommendation recommending that the Court AFFIRM the Commissioner's decision, on November 18, 2024. (R. 11). Plaintiff timely filed objections. (R. 12). The Commissioner filed a response. (R. 13). As explained herein, Plaintiff's objections (R. 12) are OVERRULED and the Report and Recommendation (R. 11) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v.*

*Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth the following assignments of error: (1) the ALJ

failed to support her conclusions regarding the opinions of the treating sources with substantial evidence; and (2) the ALJ committed harmful error when she failed to properly apply the criteria of Social Security Ruling (SSR) 16-3p. (R. 7). The R&R determined that the ALJ properly analyzed and explained the weight afforded to Nurse Pessefall's opinion and explained how she considered the supportability and consistency of the medical opinions in question pursuant to 20 C.F.R. § 404.1520c. (R. 11). In addition, the R&R determined the ALJ properly applied the criteria of SSR 16-3p when considering Plaintiff's subjective complaints. *Id*.

**B. Objections**

Plaintiff's objections focus on the first assignment of error and do not raise any issue with the R&R's resolution of her second assignment of error. (R. 12). Given the lack of any objection on this issue, the Court finds no clear error and adopts the R&R's determination regarding the second assignment of error.

With respect to the R&R's resolution of the first assignment of error, Plaintiff disagrees with the Magistrate Judge's conclusion, asserting that the R&R's "conclusion is incorrect as the evidence established that the ALJ's opinion taken as a whole failed to establish that the opinions of Steve Pessefall were not supported by and consistent with the remainder of the evidence in this matter." (R. 12, PageID# 641). The Objections go on to asset that "the ALJ did not sufficiently consider the supportability and consistency of the treating certified nurse practitioner's opinions" and that "the ALJ failed to sufficiently articulate her consideration of the reports of the treating source." *Id*.

Plaintiff's rather brief and conclusory objections largely reflect a mere disagreement with the Magistrate Judge's resolution of the issues raised rather than citing any actual error in the R&R's resolution of the assignment of error raised. (R. 12). As stated above, general objections

3

that merely restate the objecting parties previous argument and voice mere disagreement with a magistrate judge's suggested resolution—have "the same effects as would a failure to object." *Austin*, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.") In other words, Plaintiff has not identified any deficiency in the Magistrate Judge's application of relevant rules, regulations, precedent, or statutes, but merely reiterates her argument from her brief on the merits and concludes the Magistrate Judge incorrectly resolved the issue without actually identifying any shortcoming in the R&R itself.[1] (R. 12).

In this case, Plaintiff applied for benefits on October 13, 2022 (R 6, PageID# 51) — long after the Social Security Administration's rule changes went into effect concerning the weighing of medical opinions and prior administrative medical findings.[2] *See* 20 C.F.R. §§ 404.1520c & 416.920c. The changes eliminated any hierarchical consideration of medical opinions, including the elimination of the treating physician rule. *See, e.g., Kinney v. Comm'r of Soc. Sec.*, No. 5:20-CV-1155, 2021 WL 3854828, at *4 (N.D. Ohio Aug. 30, 2021) (concluding a report and

---

[1] It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).

[2] "Prior administrative findings" refers to the findings of the State Agency physicians or psychologists. 20 C.F.R. § 404.1513(a)(1)(5). While the new regulations differentiate between "medical opinions" and "prior administrative medical findings," the regulations do not ascribe greater significance to either, and both and are evaluated utilizing the same factors. 20 C.F.R. §§ 404.1520c & 416.920c.

4

recommendation "accurately reflected the fact that the hierarchical deference previously afforded the medical opinion of a treating physician had been eliminated") (Lioi, J); *Bovenzi v. Saul*, No. 1:20-cv-185, 2021 WL 1206466 at *3 (N.D. Ohio Mar. 31, 2021) ("Under the new regulations applicable to claims filed on or after March 27, 2017, the opinions of [a treating medical source] are not entitled to any specific evidentiary weight.") (Pearson, J.).

Pursuant to 20 C.F.R. §§ 404.1520c(a) & 416.920c(a), an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." Nevertheless, an ALJ must still "articulate in [the] determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. §§ 404.1520c(b) & 416.920c(b).

The R&R correctly identified the applicable regulations, and the standards of evaluation ALJs are required to employ when addressing medical opinions. It correctly indicated:

> At a minimum, the ALJ must explain how she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. 20 C.F.R. § 404.1520c(b)(2). Other factors include: (1) the length, frequency, purpose, extent, and nature of the source's relationship to the client; (2) the source's specialization; and (3) "other factors," such as familiarity with the disability program and other evidence in the record. 20 C.F.R. § 404.1520c(c)(3)-(5). Consistency concerns the degree to which the opinion reflects the same limitations described in evidence from other sources, whereas supportability concerns the relevancy of objective medical evidence and degree of explanation given by the medical source to support the limitations assessed in the opinion. *See* 20 C.F.R. § 404.1520c(c)(1)-(2).

(R. 11, PageID# 631). The ALJ discussed Nurse Pessefall's opinions as follows:

> Mr. Passefall's opinions were not persuasive because they were inconsistent with his own treatment notes. On August 18, 2023, the claimant treated with Stephen Pessefall, PMHNP-BC and reported that overall, she had only a few depressive days (Ex. 12F/1). Her mental status had no gross abnormalities. She was friendly and communicative. She had no suicidal thoughts. Her thinking was generally

5

>intact, and her thought content was appropriate. There were no signs of anxiety. Examination showed that her dress and grooming were appropriate (Ex. 9F/2). She was friendly and communicative. Her mood was euthymic. Her thinking was generally logical, and her thought content was appropriate. Her cognitive thinking was intact. The record as a whole supported improvement after her hospitalization for depression, and she had no more than moderate mental limitations. Mr. Pessefall noted that the claimant had "no apparent serious mental status abnormalities" (Ex. 2F/2). She endorsed depression, but there was no mood elevation evident. Her speech was normal. There were no signs of cognitive difficulty. Her memory was intact for recent and remote events. There were apparent signs of anxiety.

(Tr. 34-35).[3]

The Court agrees with the R&R that the ALJ's above opinion offers a cogent explanation as to why she believed the opinions were unsupported, namely the inconsistencies with the treating source's own treatment notes. Plaintiff's attempts to undermine the ALJ's analysis by identifying portions of the record that she believes support the assessed limitations do not render the ALJ's analysis inadequate, as this Court's role in considering a social security appeal does not include reviewing the evidence *de novo*, making credibility determinations, or reweighing the evidence. *See, e.g., Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Hunter v. Comm'r of Soc. Sec.*, No. 3:19 CV 1977, 2021 WL 32116, at *3, 2021 U.S. Dist. LEXIS 1112, at *6-7 (N.D. Ohio Jan. 5, 2021) ("it is well settled that this Court cannot and will not re-weigh evidence; in these cases, the Court exists solely to determine whether the ALJ's findings, on

---

[3] The quoted language does *not* encompass the entirety of the ALJ's discussion of Nurse Pessefall's treatment of the Plaintiff. The ALJ summarizes the contents of at least eight other treatment visits with Nurse Pessefall, as well as numerous other mental health treatment encounters. (Tr. 31-34). The Court considers the decision as a whole when deciding whether the ALJ has adequately addressed the medical opinions of record under the regulations. The R&R correctly noted the two opinions of Pessefall were contained in check-box forms with little to no explanation for the limitations assessed. (R. 11, PageID# 623, 632).

initial review, are supported by substantial evidence.") (Knepp, J.) (*citing Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003)); *Stief v. Comm'r of Soc. Sec.*, No. 16-11923, 2017 WL 4973225, at *11 (E.D. Mich. May 23, 2017) ("Arguments which in actuality require 're-weigh[ing] record evidence' beseech district courts to perform a forbidden ritual."), *report and recommendation adopted*, 2017 WL 3976617 (E.D. Mich. Sept. 11, 2017). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (*quoting Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).

With respect to consistency, the R&R notes that the ALJ "also cited evidence from other providers, including another treating source, Dr. Fink, and the consultative examiner, Dr. Oh, that indicated normal mood and affect as well as normal memory and concentration to show inconsistency with other sources." (R. 11, PageID# 631, citing (Tr. 32-34)). The ALJ also found the opinions of the state agency psychological consultants, whose opinions were less restrictive than Nurse Pessefall's, generally persuasive. (Tr. 35). Reading the decision as a whole, the ALJ plainly found Pessefall's opinion was inconsistent with these prior administrative medical findings—a proper consideration under the regulations when weighing consistency.

Plaintiff's objections do not identify any shortcomings in the R&R. The Court, having reviewed the briefs, R&R, and the relevant evidence of record, agrees with the reasoning of the R&R and finds no error.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, as well as the ALJ's decision, and agrees with the Magistrate Judge's

resolution of the issues raised. Therefore, the Magistrate Judge's Report and Recommendation (R. 11) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

    IT IS SO ORDERED.

March 10, 2025                                                  s/ *David A. Ruiz*
                                                                     David A. Ruiz
                                                                     United States District Judge